J-A27015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WILLIAM MEDL | : | |
| Appellant | : | No. 975 EDA 2020 |

Appeal from the PCRA Order Entered March 24, 2020
In the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0002444-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WILLIAM MEDL | : | |
| Appellant | : | No. 976 EDA 2020 |

Appeal from the PCRA Order Entered March 24, 2020
In the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0004484-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WILLIAM MEDL | : | |
| Appellant | : | No. 977 EDA 2020 |

Appeal from the PCRA Order Entered March 24, 2020
In the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0004716-2017

J-A27015-20

BEFORE:   STABILE, J., NICHOLS, J., and COLINS, J.*

MEMORANDUM BY STABILE, J.:                    **FILED:  MARCH 26, 2021**

Appellant William Medl appeals from the March 24, 2020 order of the

Court of Common Pleas of Bucks County ("PCRA court"), which denied his

petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-

46.  Upon review, we affirm.

The facts and procedural history in this case are undisputed.  As

summarized by the PCRA court:

> On July 13, 2017, [Appellant] entered an open guilty plea
> on case no. 2444-2017 before the Honorable Theodore C. Fritch
> and deferred sentencing.  On October 13, 2017, [Appellant]
> entered an open guilty plea on case nos. 4484-2017 and 4716-
> 2017 before the [H]onorable Wallace H. Bateman, Jr. and deferred
> sentencing in both matters for mitigation.  On November 28,
> 2017, [Appellant] was sentenced on all three matters before
> Judge Bateman to an aggregate term of three to five years'
> incarceration, followed by a consecutive ten years' probation.  At
> the time of sentencing, there was no objection made to Judge
> Bateman presiding over the hearing, nor any mention of the fact
> that prior to becoming a judge, Judge Bateman had apparently
> represented [Appellant] in another criminal matter.
>
> On December 8, 2017, [Appellant] filed a counseled, timely
> motion for reconsideration of sentence, which was denied by order
> on December [21], 2017.  [Appellant] did not appeal.  [Appellant]
> was represented from his preliminary hearings through his guilty
> pleas and sentencing in all matters by Niels Eriksen, Esquire.
>
> On November 16, 2018, [Appellant] filed a *pro se* [PCRA]
> petition [, alleging ineffective assistance of counsel for failing to
> seek Judge Bateman's recusal].  New counsel was subsequently
> appointed to represent [Appellant] in this action.  On February 7,
> 2019, [Appellant] again appeared before Judge Bateman for an
> evidentiary hearing on his PCRA petition.  At the hearing,

_____

* Retired Senior Judge assigned to the Superior Court.

- 2 -

> [Appellant] requested that Judge Bateman recuse himself. Apparently Judge Bateman had represented [Appellant] in a prior criminal matter from before he took the bench. At the February 7th hearing Judge Bateman stated that he had no recollection of [Appellant] or representing him. Judge Bateman granted [Appellant's] motion for recusal, stating that he did not believe he had to recuse himself, but did not like the way it would look, if he stayed on the case.
>
> Following Judge Bateman's recusal, this matter was assigned to [the Honorable James M. McMaster]. The current amended PCRA petition alleges[, among other things that] . . . counsel was ineffective as a result of his failure to ask Judge Bateman to recuse himself even after [Appellant] asked him to do so.

PCRA Court Opinion, 6/8/20, at 1-2 (unnecessary citations omitted). On December 17, 2019, the PCRA court held an evidentiary hearing, at which Appellant and his plea counsel testified. Appellant testified that he currently was serving a three-to-five-years sentence imposed by Judge Bateman. N.T. Hearing, 12/17/19, at 5. Appellant recalled that leading up to his October 13, 2017 guilty plea, he informed plea counsel that he "did not want to go in front of Judge Bateman, that he was once [his] attorney." *Id.* at 6-7. Appellant testified that he "had a conflict of interest with" Judge Bateman. *Id.* at 7. Appellant further testified that then-attorney Bateman represented him in a drug case. *Id.* Describing his conversation with plea counsel, Appellant testified "[w]ell, I kept telling him, I said – I told him, I said, listen, this isn't right. Judge Bateman was once my attorney. He told me, he said, listen, I got this, all right. And that was it. He walked away, and that was it." *Id.* at 8. Appellant also recalled discussing Judge Bateman's recusal with his counsel prior to sentencing. *Id.* at 10-11. When questioned why he sought Judge

Bateman's recusal, Appellant answered "[b]ecause we had a conflict. . . . I don't want to get into that right now." *Id.* at 12. Appellant later clarified that he had some disagreement with Judge Bateman "at the end of his representation." *Id.*

On cross-examination, Appellant acknowledged Judge Bateman's statement on the record that he had no recollection of representing Appellant. *Id.* at 13.

Appellant's plea counsel, Attorney Eriksen, next took the stand. He testified that he represented Appellant in this case before Judge Bateman. *Id.* at 15-16. Attorney Eriksen further testified that although he remembered discussing with Appellant Judge Bateman's prior representation of Appellant, he did not "recall the actual word-for-word substance of those conversations." *Id.* at 16.

> Q. Do you recall whether or not [Appellant] requested that Judge Bateman recuse himself?
>
> A. I believe that that was something he asked my opinion of.
>
> Q. And did you have an opinion at that time?
>
> A. Correct. I – I believed that we should not ask for the recusal of Judge Bateman.
>
> Q. Why was that?
>
> A. In my experience, I have always been treated fairly by Judge Bateman in the number of years that he's been on the bench. He used to do defense work like I did, or like I do. I have a certain amount of empathy for my prior clients, and I would have felt that the best situation for him would be in front of a judge that is familiar with him, had represented him before.

*Id.* at 16-17. Attorney Eriksen testified that if Appellant had disagreed with his opinion, he "would have asked for" recusal. *Id.* at 17. According to Attorney Eriksen, however, Appellant "was satisfied with [his] opinion." *Id.*

On cross-examination, Attorney Eriksen described Appellant's comments on the subject of Judge Bateman's recusal as "just a blanket statement he's represented me before." *Id.* at 19.

Following the hearing, on March 24, 2020, the PCRA court denied PCRA relief. Appellant timely appealed. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied. In response, the PCRA court prepared a Pa.R.A.P. 1925(a) opinion.

On appeal,[1] Appellant presents a single issue for our review.

> [I.] Did the [PCRA] court err in denying the amended petition for post-conviction relief, following [a] hearing, in which Appellant argued that guilty plea counsel was ineffective when he failed to request that the [Judge Bateman] recuse himself, and not preside over Appellant's guilty plea and sentencing, where the judge had previously represented Appellant in a prior criminal matter, where Appellant specifically asked plea counsel to seek recusal and where plea counsel ignored Appellant's request.

Appellant's Brief at v (unnecessary capitalizations omitted).

As we have explained:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is

---

[1] Upon Appellant's application, on May 19, 2020, we consolidated the above-captioned appeals under Pa.R.A.P. 513.

supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

When a petitioner asserts an ineffectiveness claim, he is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*).

With respect to the first prong, it is settled that "[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (citations omitted), *appeal denied*, 93 A.3d 463 (Pa. 2014). As for the second prong, the test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater

potential chance of success. ***Commonwealth v. Colavita***, 993 A.2d 874, 887 (Pa. 2010). Counsel's decisions will be considered reasonable if they effectuated his client's interests. ***Commonwealth v. Miller***, 987 A.2d 638, 653 (Pa. 2009). We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he could have taken. ***Id.*** Finally, the prejudice prong "is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." ***Commonwealth v. Steele***, 961 A.2d 786, 797 (Pa. 2008). A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. Collins***, 957 A.2d 237, 244 (Pa. 2008) (citation omitted).

The petitioner bears the burden of proving all three prongs of the "***Pierce***[2] test. ***Commonwealth v. Meadows***, 787 A.2d 312, 319–20 (Pa. 2001). "Counsel is presumed to be effective and Appellant has the burden of proving otherwise." ***Commonwealth v. Holloway***, 739 A.2d 1039, 1044 (Pa. 1999). "A defendant's failure to satisfy even one of the three requirements results in the denial of relief." ***Miller***, 987 A.2d at 649; ***accord Reyes-Rodriguez***, 111 A.3d at 780 ("A petitioner must prove all three factors of the '***Pierce*** test,' or the claim fails.").

We begin with our analysis of the first prong, *i.e.*, arguable merit. Here, Appellant argues that his plea counsel was ineffective for failing to seek and

---

[2] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

secure the recusal of Judge Bateman who previously had represented Appellant in an unrelated criminal case. Appellant points out that he specifically asked counsel that "he did not want to plead before Judge Bateman." Appellant's Brief at 11.

Preliminarily, we recognize that "our judges are honorable, fair and competent." ***Commonwealth v. King***, 839 A.2d 237, 239 (Pa. 2003). "It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." ***Commonwealth v. Abu-Jamal***, 720 A.2d 79, 89 (Pa. 1998) (citations omitted). In other words,

> The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion. . . . A jurist, when a motion for recusal is filed, must consider whether his or her involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary.

***Commonwealth v. Sarvey***, 199 A.3d 436, 454 (Pa. Super. 2018) (citations and quotation marks omitted), ***appeal denied***, 208 A.3d 62 (Pa. 2019).

Instantly, it bears repeating that the gravamen of Appellant's PCRA petition is that plea counsel was ineffective for failing to seek Judge Bateman's recusal. Our review of the record, however, reveals that the issue lacks arguable merit. First, Appellant failed to prove that he requested plea counsel to seek Judge Bateman's recusal. Contrary to Appellant's allegations, plea

counsel credibly testified that Appellant sought only his opinion on the issue of recusal—and *not* recusal. Second, the PCRA court found:

> Counsel stated that while he did not remember the exact conversation between himself and [Appellant], he said that if [Appellant] had articulated a specific reason why Judge Bateman would have been prejudiced against him, counsel would have taken that into consideration when deciding whether or not to move for recusal. Counsel further stated that had [Appellant] strongly disagreed with his advice at the time, he would have opted for requesting recusal.

PCRA Court Opinion, 6/8/20, at 5. Third, as the PCRA court also found, plea counsel credibly testified that "all he remembered was a blanket statement made by [Appellant] that Judge Bateman had represented him before." *Id.*; *see Commonwealth v. Spotz*, 18 A.3d 244, 258 ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court."). Thus, Appellant failed to demonstrate that he requested Judge Bateman's recusal, disagreed with plea counsel's opinion, or otherwise provided to plea counsel any basis for seeking Judge Bateman's recusal.

Nonetheless, even if Appellant specifically had requested Judge Bateman's recusal, he still does not meet the arguable merit prong. Appellant failed to establish the requisite bias, prejudice or unfairness that would have raised substantial doubt about Judge Bateman's ability to preside impartially. At the evidentiary hearing, Appellant simply alleged—without providing any details—that Judge Bateman once represented him in a drug case and the two had some disagreement, the nature of which remains a mystery. Indeed, when pressed to offer details, Appellant stated "I don't want to get into that

right now." N.T. Hearing, 12/17/19, at 12. As a result, it is unclear when Judge Bateman allegedly represented him, and the nature of the alleged conflict or disagreement between Appellant and Judge Bateman.[3] Accordingly, because Appellant's failure to demonstrate arguable merit is fatal to his claim of ineffective assistance, *Miller*, 987 A.2d at 649, we need not address whether Appellant satisfies the remaining two prongs of the ineffective assistance test.

Even if were to address the remaining two prongs, Appellant still would not obtain relief. Counsel established a reasonable basis for failing to seek Judge Bateman's recusal. As the PCRA court explained "[c]ounsel represented a strategic decision in not asking that Judge Bateman recuse himself, reasoning that Judge Bateman could have a certain amount of empathy for his former clients and potentially treat [Appellant] accordingly." PCRA Court Opinion, 6/8/20, at 5. With respect to the prejudice prong, we agree with the PCRA court's determination. "[Appellant] failed to satisfy the prejudice prong of the ineffectiveness test because he did not show that he would have been treated any differently had he been sentenced by another judge." *Id.* Moreover, Appellant fails to show that Judge Bateman either considered inappropriate factors in crafting his sentence or that he based the sentence on any bias, prejudice or unfairness relating to his alleged prior representation.

---

[3] Judge Bateman specifically remarked on the record that he did not recall representing Appellant.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/26/21